UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. BLAKLEY,<br><br>            Plaintiff,<br><br>     v.<br><br>C. MAITA, et al.,<br><br>            Defendants. | No.  2:16-cv-2277 JAM CKD P<br><br><br>ORDER |

I. <u>Introduction</u>

      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge.

      Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

III. Analysis

Defendants are correctional officers at Mule Creek State Prison. Plaintiff alleges that defendants confiscated his property and legal work after falsely claiming that plaintiff threatened an officer. Plaintiff filed an inmate grievance but was not reimbursed for his property. Plaintiff further alleges that he was unlawfully placed in Administrative Segregation and harassed by defendant officers. Plaintiff asserts that defendants threatened to shoot him or have other inmates kill him. Plaintiff seeks remedies in the form of reimbursement for his lost property and monetary damages for his lost legal work and mental anguish.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "'[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.'" Id. at 833. "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[.]'  For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id. The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Here, plaintiff has not alleged specific facts to satisfy either prong of

3

an Eighth Amendment claim.

As to plaintiff's property allegations, a state's seizure of property does not violate the federal Constitution provided the state has an adequate post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517, 533–35 (1984) (holding negligent or intentional deprivation of property does not violate due process if state has meaningful post-deprivation remedy available).  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Plaintiff does not allege that he attempted to regain his property through state procedures.  If plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.

Finally, while plaintiff alleges that his legal property was lost, he does not plead the elements of an access-to-courts claim.  See Lewis v. Casey, 518 U.S. 343, 349-50, 353 (1996) (prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury," i.e., "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.").

As it fails to state a claim, plaintiff's complaint must be dismissed.  However, the court will grant leave to file an amended complaint.  While plaintiff will be given the opportunity to amend, it is not for the purpose of adding new claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  If plaintiff chooses to amend the complaint, he should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

IV. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

1  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
3  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
4  complaint be complete in itself without reference to any prior pleading.  This is because, as a
5  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
6  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
7  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
8  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9      In accordance with the above, IT IS HEREBY ORDERED that:

10     1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

11     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
12  shall be collected and paid in accordance with this court's order to the Director of the California
13  Department of Corrections and Rehabilitation filed concurrently herewith.

14     3.  Plaintiff's complaint is dismissed.

15     4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
16  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
17  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
18  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
19  two copies of the amended complaint; failure to file an amended complaint in accordance with
20  this order will result in a recommendation that this action be dismissed.

21  Dated:  December 7, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

27  2 / blak2277.14.new